**Ron K. Cheng, OSB #142955**
ron@mdkaplanlaw.com
KAPLAN LAW, LLC
50 SW Pine Street, Suite 302
Portland, Oregon 97204
Telephone: 971.770.2053

**Jace Cook, OSB #163636**
jcook@cooklaw.pro
COOK LAW
5 Centerpointe Drive, Suite 400
Lake Oswego, Oregon 97035
Telephone: 503.567.8191

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MCKENZI POLDER**, on behalf of minor, **RYAN A. POLDER** | ) Case No. 3:20-cv-782 |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) Negligence- Carrier Strict Liability |
| | ) |
| v. | ) Demand for Jury Trial |
| | ) |
| **ALASKA AIRLINES INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiff alleges:

1.

One-year old Ryan A. Polder was a passenger on Alaska Airlines Inc., in transit with his mother between Oregon and Mexico for vacation when hot coffee served by the airline was spilled on him. As a result of the hot coffee temperature, a lack of a lid, and the flight crew's refusal to open up a medical emergency kit to apply burn cream, Ryan Polder received second degree burns

and had to be met by ambulance upon arrival in Mexico. Ryan Polder's natural born mother, Mckenzi Polder, brings this lawsuit under the Montreal Convention on her son's behalf.

2.

a) Plaintiff Ryan A. Polder was a minor of one years and a citizen in the state of Oregon at all material times;

b) Mckenzi Polder is the natural mother of Ryan Polder and a citizen in the state of Oregon;

c) Defendant Alaska Airlines Inc. is a foreign corporation, authorized to do business and doing business as Alaska Airlines, as a commercial passenger carrier, actively engaged in commerce and business in the city of Portland, county of Multnomah, state of Oregon;

d) Pursuant to the Montreal Convention Article 33, Oregon law and jurisdiction is appropriate.

3.

On or about Nov 16, 2018, Ryan Polder was a passenger on Alaska Airlines, flying from Oregon to Mexico.

4.

Alaska Airlines served hot coffee as part of its regular in-flight beverage service. Alaska Airlines served hot coffee to Mckenzi Polder without a lid and before the coffee could be consumed, it was knocked over. The coffee spilled out freely onto Ryan Polder, causing second degree burns.

5.

Recognizing the seriousness of the burns, Mckenzi Polder requested the flight crew to open the first aid kit and get burn cream. For whatever reason, the flight crew declined to open the first aid kit on the plane. Ryan Polder continued to suffer without burn cream for the remaining hours of the flight despite requests from McKenzi Polder for more assistance.

6.

Defendant knew and should have known that serving hot coffee to passengers would cause physical harm including serious burns.

7.

The negligence of Defendant, in one or more of the particulars alleged below was a substantial factor in causing and/or contributing to Ryan Polder's injuries:

a) Failing to exercise due care in the delivery of hot liquids to prevent burning passengers;

b) Failing to offer lids on hot beverages;

c) Failing to develop or implement a first aid program appropriate to the management of common injuries such as burns caused by the spillage of hot liquids, as advised by the Federal Aviation Administration in Advisory Circular 120-44A;

d) Failing to train crew members to provide assistance to burn victims; and

e) Failing to carry and make burn cream available on flights.

8.

When the plane finally landed in Mexico, an ambulance was waiting on the tarmac to treat Ryan Polder.

9.

The fault and/or negligence of Defendant caused Plaintiff to suffer the following injuries:

a. Multiple second-degree burns;

b. Blistering;

c. Scabbing;

d. Scarring; and

e. Peeling of skin.

10.

As a further result of Defendant's fault and/or negligence, Plaintiff has endured non-economic damage in the sum of $50,000.00.

11.

Plaintiff intends to seek punitive damages in the amount of $1,000,000.00 for Alaska Airlines reckless conduct in failing to treat Ryan Polder appropriately and for failing to offer lids on hot beverages.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

a)  That Plaintiff be awarded $50,000.00 in non-economic damages;

b)  That Plaintiff be awarded $1,000,000.00 in punitive damages;

c)  That Plaintiff be awarded a prevailing party fee and costs and disbursements herein;

d)  That Plaintiff be awarded other and further relief as this court deems just and equitable.


DATED this 20th day of May, 2020.


s/Ron K. Cheng
Ron K. Cheng, OSB #142955
KAPLAN LAW LLC

Jace Cook, OSB #163636
COOK LAW

Of Attorneys for Plaintiffs